UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALFREDO MEJIA and DEBRA MEJIA,

    Plaintiffs,

    v.

COUNTRYWIDE HOME LOANS, et al.,

    Defendants.

NO. CIV. S-09-2346 LKK/DAD

O R D E R

Plaintiffs bring claims against numerous defendants relating to plaintiffs' home loan. Plaintiffs' complaint was initially filed in this court on the basis of federal question jurisdiction, as plaintiffs bring claims for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-2617, ("RESPA"). On January 8, 2010, defendants Countrywide Home Loans, Inc., and Mortgage Electronic Registration Systems, Inc., filed a motion to dismiss, which was noticed for hearing for February 8, 2010. (Dkt. No. 33). Pursuant to Local Rule 230(c), plaintiffs were obliged to file an

1

opposition or statement of non-opposition by January 25. Plaintiffs failed to file either document. On January 28, the court issued an order continuing the hearing on the motion to dismiss, ordering plaintiffs to file an opposition or statement of non-opposition by February 8, and ordering plaintiffs to show cause why sanctions should not issue for failure to comply with the Local Rules, including dismissal and/or $150.

Plaintiffs failed to file either document by the February 8 deadline. On February 9, however, plaintiffs stated their non-opposition as to dismissal of the federal claims, although plaintiffs requested that dismissal be without prejudice. (Dkt. No. 40). Plaintiffs have not addressed the pending motion as it pertains to the state law claims. Nor have plaintiffs filed a response to the order to show cause. Thus, plaintiffs have violated, and remain in violation of, the Local Rules and this court's January 28 order.

The court dismisses the federal claims with prejudice. Plaintiffs have provided no argument in support of their request that dismissal of these claims be without prejudice. A review of defendants' motion reveals that dismissal is appropriate as to these claims.

When federal claims are eliminated at this stage, federal courts will ordinarily decline to exercise supplemental jurisdiction over state law claims, pursuant to 28 U.S.C. section 1367(c). Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988), see also Gini v. Las Vegas Metropolitan Police Dept., 40

F.3d 1041, 1046 (9th Cir. 1994) (quoting Schneider v. TRW Inc., 938 F.2d 986, 993 (9th Cir. 1991)). However, the court may also dismiss claims as a sanction for violation of the Local Rules and court orders. Local Rule 110, Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Dismissal for lack of subject matter jurisdiction differs from dismissal as a sanction in that the former is not an adjudication on the merits, whereas the later is. Fed. R. Civ. P. 41(b). Accordingly, the form of dismissal determines whether plaintiffs may re-file these claims in state court.

Public policy favors resolution of cases on the merits, Ghazali, 46 F.3d at 53, and if the merits of plaintiffs' state law claims were to be reached, it would be preferable that they be reached by a state court, Carnegie-Mellon, 484 U.S. at 350. In this case, however, plaintiffs have twice declined to offer any defense of the merits of their state law claims. Plaintiffs' actions have had the effect, if not the intent, of needlessly drawing out this litigation and imposing costs upon the defendants and the court. Because the court will dismiss the state law claims one way or another, dismissal as a sanction is not necessary for the future management of this court's docket, but plaintiffs' blatant failure to comply with the prior order to show cause in this case indicates that lesser sanctions will be inadequate to ensure future diligence should this case be re-filed in state court. Finally, the court warned plaintiffs of the possibility of dismissal in the January 28 order, and plaintiffs have ignored that order's instruction to show cause as to why dismissal is

3

unwarranted.

The court notes that this is not the only case in which plaintiffs' counsel, Sharon Lapin, has failed to comply with the Local Rules and this court's orders. See, e.g., Mensah v. GMAC Mortgage, No. 2:09-cv-3196, Plaintiff's Response to Order to Show Cause (E.D. Cal. Feb. 23, 2010). The sanctions issued here are the result of misconduct in this case and the failure to cure that misconduct when offered an opportunity to do so.

For these reasons, the court ORDERS as follows:

1. Plaintiffs' federal claims are DISMISSED WITH PREJUDICE for failure to state a claim and in light of plaintiffs' stated non-opposition to dismissal.

2. Plaintiffs' state law claims are DISMISSED WITH PREJUDICE as a sanction for plaintiff's failure to comply with Local Rule 230(c) and this court's order of January 28, 2010. Pursuant to Fed. R. Civ. P. 41(b), this dismissal shall operate as an adjudication on the merits.

3. Plaintiffs' counsel is SANCTIONED in the amount of one hundred and fifty ($150.00) dollars for failure to comply with Local Rule 230(c) and file an opposition or statement of non-opposition by January 25, 2010. This sum shall be paid to the Clerk of the Court no later than twenty-one (21) days from the date of this order. Counsel shall file an affidavit accompanying the payment of this sanction which states that it is paid personally

by counsel, out of personal funds, and is not and will
                not be billed, directly or indirectly, to the client or
                in any way made the responsibility of the client as
                attorneys' fees or costs.
IT IS SO ORDERED.
DATED:   February 25, 2010.

                              _____
                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT