1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

ALFREDO MEJIA and DEBRA
10  MEJIA,
                                NO. CIV. S-09-2346 LKK/DAD
11          Plaintiffs,

12      v.
                                   O R D E R
13  COUNTRYWIDE HOME LOANS,
    et al.,
14
            Defendants.
15
    _____/
16

17      Plaintiffs bring claims against numerous defendants relating

18  to plaintiffs' home loan.  Plaintiffs' complaint was initially

19  filed in this court on the basis of federal question jurisdiction,

20  as plaintiffs bring claims for violation of the Truth in Lending

21  Act, 15 U.S.C. § 1601 et seq. ("TILA"), the Real Estate Settlement

22  Procedures Act, 12 U.S.C. §§ 2601-2617, ("RESPA").  On January 8,

23  2010, defendants Countrywide Home Loans, Inc., and Mortgage

24  Electronic Registration Systems, Inc., filed a motion to dismiss,

25  which was noticed for hearing for February 8, 2010.  (Dkt. No. 33).

26  Pursuant to Local Rule 230(c), plaintiffs were obliged to file an

1

1  opposition or statement of non-opposition by January 25.
2  Plaintiffs failed to file either document.  On January 28, the
3  court issued an order continuing the hearing on the motion to
4  dismiss, ordering plaintiffs to file an opposition or statement of
5  non-opposition by February 8, and ordering plaintiffs to show cause
6  why sanctions should not issue for failure to comply with the Local
7  Rules, including dismissal and/or $150.

8      Plaintiffs failed to file either document by the February 8
9  deadline.  On February 9, however, plaintiffs stated their non-
10 opposition as to dismissal of the federal claims, although
11 plaintiffs requested that dismissal be without prejudice.  (Dkt.
12 No. 40).  Plaintiffs have not addressed the pending motion as it
13 pertains to the state law claims.  Nor have plaintiffs filed a
14 response to the order to show cause.  Thus, plaintiffs have
15 violated, and remain in violation of, the Local Rules and this
16 court's January 28 order.

17     The court dismisses the federal claims with prejudice.
18 Plaintiffs have provided no argument in support of their request
19 that dismissal of these claims be without prejudice.  A review of
20 defendants' motion reveals that dismissal is appropriate as to
21 these claims.

22     When federal claims are eliminated at this stage, federal
23 courts will ordinarily decline to exercise supplemental
24 jurisdiction over state law claims, pursuant to 28 U.S.C. section
25 1367(c).  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350
26 (1988), see also Gini v. Las Vegas Metropolitan Police Dept., 40

1  F.3d 1041, 1046 (9th Cir. 1994) (quoting Schneider v. TRW Inc., 938
2  F.2d 986, 993 (9th Cir. 1991)).   However, the court may also
3  dismiss claims as a sanction for violation of the Local Rules and
4  court orders.  Local Rule 110, Ghazali v. Moran, 46 F.3d 52, 53
5  (9th Cir. 1995). Dismissal for lack of subject matter jurisdiction
6  differs from dismissal as a sanction in that the former is not an
7  adjudication on the merits, whereas the later is.  Fed. R. Civ. P.
8  41(b).  Accordingly, the form of dismissal determines whether
9  plaintiffs may re-file these claims in state court.

10      Public policy favors resolution of cases on the merits,
11  Ghazali, 46 F.3d at 53, and if the merits of plaintiffs' state law
12  claims were to be reached, it would be preferable that they be
13  reached by a state court, Carnegie-Mellon, 484 U.S. at 350.   In
14  this case, however, plaintiffs have twice declined to offer any
15  defense of the merits of their state law claims.  Plaintiffs'
16  actions have had the effect, if not the intent, of needlessly
17  drawing out this litigation and imposing costs upon the defendants
18  and the court. Because the court will dismiss the state law claims
19  one way or another, dismissal as a sanction is not necessary for
20  the future management of this court's docket, but plaintiffs'
21  blatant failure to comply with the prior order to show cause in
22  this case indicates that lesser sanctions will be inadequate to
23  ensure future diligence should this case be re-filed in state
24  court.  Finally, the court warned plaintiffs of the possibility of
25  dismissal in the January 28 order, and plaintiffs have ignored that
26  order's instruction to show cause as to why dismissal is

1   unwarranted.

2        The court notes that this is not the only case in which

3   plaintiffs' counsel, Sharon Lapin, has failed to comply with the

4   Local Rules and this court's orders.  See, e.g., Mensah v. GMAC

5   Mortgage, No. 2:09-cv-3196, Plaintiff's Response to Order to Show

6   Cause (E.D. Cal. Feb. 23, 2010).  The sanctions issued here are the

7   result of misconduct in this case and the failure to cure that

8   misconduct when offered an opportunity to do so.

9        For these reasons, the court ORDERS as follows:

10       1.   Plaintiffs' federal claims are DISMISSED WITH PREJUDICE

11            for failure to state a claim and in light of plaintiffs'

12            stated non-opposition to dismissal.

13       2.   Plaintiffs' state law claims are DISMISSED WITH

14            PREJUDICE as a sanction for plaintiff's failure to

15            comply with Local Rule 230(c) and this court's order of

16            January 28, 2010.  Pursuant to Fed. R. Civ. P. 41(b),

17            this dismissal shall operate as an adjudication on the

18            merits.

19       3.   Plaintiffs' counsel is SANCTIONED in the amount of one

20            hundred and fifty ($150.00) dollars for failure to

21            comply with Local Rule 230(c) and file an opposition or

22            statement of non-opposition by January 25, 2010.  This

23            sum shall be paid to the Clerk of the Court no later

24            than twenty-one (21) days from the date of this order.

25            Counsel shall file an affidavit accompanying the payment

26            of this sanction which states that it is paid personally

                                      4

1      by counsel, out of personal funds, and is not and will

2      not be billed, directly or indirectly, to the client or

3      in any way made the responsibility of the client as

4      attorneys' fees or costs.

5  IT IS SO ORDERED.

6  DATED:  February 25, 2010.

7

8

9                              LAWRENCE K. KARLTON
                               SENIOR JUDGE
10                             UNITED STATES DISTRICT COURT